PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court, S. D. New York. July 31, 1911.)

Nos. 2–9, 2–33, 2–149, 3–37.

EQUITY (§ 288*)—PLEADING—AMENDMENT.

A court of equity always has the power to conform the pleadings to the evidence by allowing amendments after the proofs have been taken and are before it.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 547; Dec. Dig. § 288.*]

In Equity. Suits by the Pennsylvania Steel Company and others against the New York City Railway Company and others; Morton Trust Company against the Metropolitan Street Railway Company and others; Guaranty Trust Company of New York against Metropolitan Street Railway Company and others; and the Morton Trust Company

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

against the Metropolitan Street Railway Company and others. On application by receivers of the Metropolitan Street Railway Company to amend a petition and a claim. Motion denied.

LACOMBE, Circuit Judge. The petition sought to be amended is the one verified October 10, 1910, upon which (with others) the special master was instructed to pass upon certain questions arising on a branch of the case, known as the "appropriation of payment" proceeding, in the answers to which would determine how certain moneys paid in settlement of litigations prosecuted by the receiver of the New York City Railway Company should be apportioned between the litigations which were terminated by such payment; and also some questions of lien or rights to share in the moneys so apportioned.

The theory of the application is that there is an apparent discrepancy between the proofs and the averments of the petition as to the amount of the balance of account between the two estates (New York City Railway and Metropolitan Street Railway). Such an application is unnecessary. The court always has the power to conform pleadings to proof. Whether there is such a discrepancy between the two as requires such an amendment can be intelligently decided only by the tribunal which is fully informed as to the proofs. In the first instance such tribunal is the special master. It is stated in argument that, although he received all the proof offered, he expressed some doubt as to his power to allow the amendment prayed for. It is not necessary to determine whether or not, under the terms of the order which sent the controversy to him, he had such power. An exception to his refusal to allow the amendment will bring the matter before the circuit judge when the report comes up for confirmation and, having indisputably the power to conform pleadings to proof, the judge can administer full relief, if any be required.

The claim which petitioners ask to amend is the one filed February, 1910, by receivers of the Metropolitan Street Railway Company against New York City Railway Company for moneys alleged to be due by reason of the breach of the agreement of May 22, 1907, between the two companies. The proposed amendment would increase the claim against the New York City Company about $1,500,000. It was conceded upon the argument that if the proceeding now under advisement before the special master—the "appropriation of payment proceeding"—is decided one way, it would be wholly unnecessary to amend the claim. The application would therefore seem to be premature. It is contended that the claim as it stands is relied upon by other parties as an admission of the condition of the mutual accounts between the two companies which may operate to the disadvantage of petitioners. The contention is not persuasive. All that the "claim" evidences is that on the day it was filed the receivers of the Metropolitan were satisfied, upon such investigation as they had then made, that the accounts between the two roads showed the balance which they stated. No amount of amendment can change the effect of that admission, viz., that such was their understanding at that time of the state of the account. If the proofs should show that they were mistaken,

their "admission" evidenced by filing the claim would not control, the decision would be conformed to the facts, not to their past conception of what they were. Of course, the question would then remain whether they should be allowed to amend the claim by asking for this large additional sum, so long after the date fixed for filing claims; but that is a distinct question, which need not be decided now, since the decision of the special master in the proceeding now submitted to him may, make it academic.

Motion denied.